MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X
NAZARIO TARAX SONTAY, *individually
and on behalf of others similarly situated,*

                  *Plaintiff,*      **COMPLAINT**

       -against-

                                      **COLLECTIVE ACTION UNDER**
CARRA LLC  (D/B/A DOG & BONE),         **29 U.S.C. § 216(b)**
SINEAD C NAUGHTON , SUSAN
VASQUEZ , AYA EGAWA , and LUIS DOE ,    **ECF Case**

                 *Defendants.*
---------------------------------------------------------X

Plaintiff Nazario Tarax Sontay ("Plaintiff Tarax" or "Mr. Tarax"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against Carra LLC (d/b/a Dog & Bone), ("Defendant Corporation"), Sinead C Naughton, Susan Vasquez, Aya Egawa, and Luis Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

**NATURE OF ACTION**

1. Plaintiff Tarax is a former employee of Defendants Carra LLC (d/b/a Dog & Bone), Sinead C Naughton, Susan Vasquez, Aya Egawa, and Luis Doe.

2. Defendants own, operate, or control a restaurant, located at 338 3rd Avenue, New York, New York 10010 under the name "Dog & Bone".

3. Upon information and belief, individual Defendants Sinead C Naughton, Susan Vasquez, Aya Egawa, and Luis Doe, serve or served as owners, managers, principals, or agents of

Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Tarax was employed as a dishwasher and a food preparer at the restaurant located at 338 3rd Avenue, New York, New York 10010.

5. At all times relevant to this Complaint, Plaintiff Tarax worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Tarax appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Further, Defendants failed to pay Plaintiff Tarax the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

8. Defendants' conduct extended beyond Plaintiff Tarax to all other similarly situated employees.

9. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Tarax and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

10. Plaintiff Tarax now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

11. Plaintiff Tarax seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Tarax's state law claims under 28 U.S.C. § 1367(a).

13. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a restaurant located in this district. Further, Plaintiff Tarax was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14. Plaintiff Nazario Tarax Sontay ("Plaintiff Tarax" or "Mr. Tarax") is an adult individual residing in Bronx County, New York.

15. Plaintiff Tarax was employed by Defendants at "Dog & Bone" from approximately May 5, 2018 until on or about October 9, 2019.

16. Plaintiff Tarax consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17. At all relevant times, Defendants owned, operated, or controlled a restaurant, located at 338 3rd Avenue, New York, New York 10010 under the name "Dog & Bone".

18. Upon information and belief, Carra LLC (d/b/a Dog & Bone) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 338 3rd Avenue, New York, New York 10010.

19. Defendant Sinead C Naughton is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Sinead C Naughton is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Sinead C Naughton possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Tarax, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

20. Defendant Susan Vasquez is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Susan Vasquez is sued individually in her capacity as owner, officer and/or agent of Defendant Corporation. Defendant Susan Vasquez possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. She determines the wages and compensation of the employees of Defendants, including Plaintiff Tarax, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

21. Defendant Aya Egawa is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Aya Egawa is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Aya Egawa possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Tarax, establishes the

schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

22. Defendant Luis Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Luis Doe is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Luis Doe possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Tarax, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

23. Defendants operate a restaurant located in the Kips Bay section of Manhattan in New York City.

24. Individual Defendants, Sinead C Naughton, Susan Vasquez, Aya Egawa, and Luis Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

25. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

26. Each Defendant possessed substantial control over Plaintiff Tarax's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Tarax, and all similarly situated individuals, referred to herein.

27. Defendants jointly employed Plaintiff Tarax (and all similarly situated employees) and are Plaintiff Tarax's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

28. In the alternative, Defendants constitute a single employer of Plaintiff Tarax and/or similarly situated individuals.

29. Upon information and belief, Individual Defendants Sinead C Naughton, Susan Vasquez, Aya Egawa, and Luis Doe operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for their own benefit as the sole or majority shareholders,

   e) operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

   f) intermingling assets and debts of their own with Defendant Corporation,

   g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

   h) Other actions evincing a failure to adhere to the corporate form.

30. At all relevant times, Defendants were Plaintiff Tarax's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Tarax, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Tarax's services.

In each year from 2018 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

31. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

32. Plaintiff Tarax is a former employee of Defendants who was employed as a dishwasher and a food preparer.

33. Plaintiff Tarax seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Nazario Tarax Sontay*

34. Plaintiff Tarax was employed by Defendants from approximately May 5, 2018 until on or about October 9, 2019.

35. Defendants employed Plaintiff Tarax as a dishwasher and a food preparer.

36. Plaintiff Tarax regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

37. Plaintiff Tarax's work duties required neither discretion nor independent judgment.

38. Throughout his employment with Defendants, Plaintiff Tarax regularly worked in excess of 40 hours per week.

39. From approximately May 5, 2018 until on or about September 24, 2019, Plaintiff Tarax worked from approximately 6:00 a.m. until on or about 10:00 p.m., on Tuesdays, from approximately 4:00 p.m. until on or about 2:00 a.m., Wednesdays through Saturdays, from approximately 4:00 p.m. until on or about 12:00 a.m. to 1:00 a.m., on Sundays, and from

approximately 4:00 p.m. until on or about 2:00 a.m. to 3:00 a.m., TWO FRIDAYS PER MONTH (typically 64 to 66 hours per week).

40. From approximately September 25, 2019 until on or about October 9, 2019, Plaintiff Tarax worked from approximately 4:00 p.m. until on or about 1:00 a.m., 6 days a week (typically 54 hours per week).

41. Throughout his employment, Defendants paid Plaintiff Tarax his wages by check.

42. From approximately May 5, 2018 until on or about December 2018, Defendants paid Plaintiff Tarax $13.00 per hour for only 40 hours per week worked.

43. From approximately January 2019 until on or about October 9, 2019, Defendants paid Plaintiff Tarax $15.00 per hour for only 37 to 40 hours per week worked.

44. For approximately two days of work, Defendants did not pay Plaintiff Tarax any wages for his work.

45. Plaintiff Tarax's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

46. For example, Defendants required Plaintiff Tarax to work an additional 1 to 2 hours past his scheduled departure time two days a week, and did not pay him for the additional time he worked.

47. Defendants never granted Plaintiff Tarax any breaks or meal periods of any kind.

48. Although Plaintiff Tarax was required to keep track of his time, Defendants required him to record fewer hours than he actually worked. As a result, Plaintiff Tarax was not compensated for all of the hours that he worked.

49. On a number of occasions, Defendants required Plaintiff Tarax to sign a document, the contents of which he was not allowed to review in detail.

50. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Tarax regarding overtime and wages under the FLSA and NYLL.

51. Defendants did not provide Plaintiff Tarax an accurate statement of wages, as required by NYLL 195(3).

52. In fact, Defendants adjusted Plaintiff Tarax's paystubs so that they reflected inaccurate wages and hours worked.

53. Defendants did not give any notice to Plaintiff Tarax, in English and in Spanish (Plaintiff Tarax's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

54. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Tarax (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

55. Plaintiff Tarax was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

56. Defendants' pay practices resulted in Plaintiff Tarax not receiving payment for all his hours worked, and resulted in Plaintiff Tarax's effective rate of pay falling below the required minimum wage rate.

57. Defendants habitually required Plaintiff Tarax to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

58. Defendants' time keeping system did not reflect the actual hours that Plaintiff Tarax worked.

59. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

60. On a number of occasions, Defendants required Plaintiff Tarax to sign a document the contents of which he was not allowed to review in detail.

61. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

62. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Tarax (and similarly situated individuals) worked, and to avoid paying Plaintiff Tarax properly for his full hours worked.

63. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

64. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Tarax and other similarly situated former workers.

65. Defendants failed to provide Plaintiff Tarax and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

66. Defendants failed to provide Plaintiff Tarax and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the

employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

67. Plaintiff Tarax brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

68. At all relevant times, Plaintiff Tarax and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

69. The claims of Plaintiff Tarax stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

70. Plaintiff Tarax repeats and realleges all paragraphs above as though fully set forth herein.

71. At all times relevant to this action, Defendants were Plaintiff Tarax's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Tarax (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

72. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

73. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

74. Defendants failed to pay Plaintiff Tarax (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

75. Defendants' failure to pay Plaintiff Tarax (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

76. Plaintiff Tarax (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

77. Plaintiff Tarax repeats and realleges all paragraphs above as though fully set forth herein.

78. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Tarax (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

79. Defendants' failure to pay Plaintiff Tarax (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

80. Plaintiff Tarax (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

81. Plaintiff Tarax repeats and realleges all paragraphs above as though fully set forth herein.

82. At all times relevant to this action, Defendants were Plaintiff Tarax's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Tarax, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

83. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Tarax less than the minimum wage.

84. Defendants' failure to pay Plaintiff Tarax the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

85. Plaintiff Tarax was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

86. Plaintiff Tarax repeats and realleges all paragraphs above as though fully set forth herein.

87. Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Tarax overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

88. Defendants' failure to pay Plaintiff Tarax overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

89. Plaintiff Tarax was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

### OF THE NEW YORK COMMISSIONER OF LABOR

90.     Plaintiff Tarax repeats and realleges all paragraphs above as though fully set forth herein.

91.     Defendants failed to pay Plaintiff Tarax one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Tarax's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

92.     Defendants' failure to pay Plaintiff Tarax an additional hour's pay for each day Plaintiff Tarax's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

93.     Plaintiff Tarax was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

94.     Plaintiff Tarax repeats and realleges all paragraphs above as though fully set forth herein.

95.     Defendants failed to provide Plaintiff Tarax with a written notice, in English and in Spanish (Plaintiff Tarax's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

96.     Defendants are liable to Plaintiff Tarax in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

**OF THE NEW YORK LABOR LAW**

97. Plaintiff Tarax repeats and realleges all paragraphs above as though fully set forth herein.

98. With each payment of wages, Defendants failed to provide Plaintiff Tarax with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

99. Defendants are liable to Plaintiff Tarax in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Tarax respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Tarax and the FLSA Class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Tarax and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Tarax's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Tarax and the FLSA Class members;

(f) Awarding Plaintiff Tarax and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Tarax and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h) Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Tarax;

(i) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Tarax;

(j) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Tarax;

(k) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Tarax's compensation, hours, wages and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Tarax;

(m)     Awarding Plaintiff Tarax damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(n)     Awarding Plaintiff Tarax damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(o)     Awarding Plaintiff Tarax liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(p)     Awarding Plaintiff Tarax and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(q)     Awarding Plaintiff Tarax and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(r)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Tarax demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
       October 31, 2019

                                        MICHAEL FAILLACE & ASSOCIATES, P.C.

                                    By:     /s/ Michael Faillace
                                        Michael Faillace [MF-8436]
                                        60 East 42nd Street, Suite 4510
                                        New York, New York 10165
                                        Telephone: (212) 317-1200

Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 30, 2019

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:   Nazario Tarax Sontay

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:   *[signature]*

Date / Fecha:   30 de octubre 2019